CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of Hughes’s treating physician, Dr. Petterson. Dr. Petterson’s opinion was not supported by medical evidence and was contradicted by the opinions of other physicians. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). The ALJ noted that Dr. Petterson’s assessment that Hughes was completely disabled due to his chronic pain syndrome contradicted his own treatment notes, which indicated that Hughes did not experience a significant loss of strength or mobility and was able to perform a range of daily activities including driving, walking, and shopping. The findings of the neurologists, Drs. Green and Haynes, which indicated that Hughes suffered from only early stage spinal degenerative disease and mild carpal tunnel syndrome, did not support Dr. Petterson’s conclusions.
The ALJ provided specific and germane reasons for discrediting the testimony of the lay witnesses Cindy Boyd, Hughes’ computer instructor, and his girlfriend, Lori Ann Jackson. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.2001). The ALJ observed that their statements describing Hughes’ pain, loss of mobility, and poor concentration, contradicted evidence in the record that suggested that he led a fairly active lifestyle. The ALJ did not fail to address the testimony of Hughes’ vocational counselor, Paige Grooms, as the claimant argues, but rather acknowledged Grooms’ observations in her discussion of the records of Mountain Valley Mental Health, where Grooms was employed
Because the ALJ provided adequate reasons for rejecting the statements of Dr. Petterson and the lay witnesses, Hughes’ residual functional capacity was properly presented in the hypothetical question to the vocational expert.
I would affirm the decision to deny benefits.